**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE: 451 Punkinville Road, Sullivan, ME 04664 |
| Suzanne M. McNeil and Michael McNeil | Mortgage: May 28, 2004 |
| Defendants | Book 3950, Page 317 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation

Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains

against the Defendants, Suzanne M. McNeil and Michael McNeil, as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity)

    because the Plaintiff and Defendants are citizens of different states and the matter in

    controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00)

    dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of

    an appropriate pleading, may declare the rights and other legal relations of any interested

    party seeking such declaration, whether or not further relief is or could be sought under 28

    U.S.C. § 2201.

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the

    object of this litigation is a Note executed under seal currently owned and held by U.S. Bank

    Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants,

Suzanne M. McNeil and Michael McNeil, are the obligor and the total amount owed under the terms of the Note is One Hundred Twenty-Seven Thousand Seven Hundred Thirty-Six and 07/100 ($127,736.07) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a national association, with its principal place of business located in Ohio.

5. The Defendant, Michael McNeil, is a resident of Sullivan, County of Hancock and State of Maine.

6. The Defendant, Suzanne M. McNeil, is a resident of Sullivan, County of Hancock and State of Maine.

## FACTS

7. On August 18, 1995, by virtue of a Quitclaim Deed from Claire L. Bohuki, which is recorded in the Hancock County Registry of Deeds in **Book 2427, Page 144**, the property situated at 451 Punkinville Road, County of Hancock, and State of Maine, was conveyed to the Defendant, Suzanne M. McNeil.

8. On May 28, 2004, by virtue of a Quitclaim Deed from Suzanne M. McNeil, which is recorded in the Hancock County Registry of Deeds in **Book 3950, Page 315**, the property situated at 451 Punkinville Road, County of Hancock, and State of Maine, was conveyed to

the Defendants, Suzanne M. McNeil and Michael McNeil, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9.  On May 28, 2004, the Defendants, Suzanne M. McNeil and Michael McNeil, executed and delivered to Chase Manhattan Bank USA, N.A. a certain Note in the amount of $85,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on May 28, 2004, the Defendants executed a Mortgage Deed in favor of Chase Manhattan Bank USA, N.A., securing the property located at 451 Punkinville Road, Sullivan, ME 04664 which Mortgage Deed is recorded in the Hancock County Registry of Deeds in **Book 3950**, **Page 317**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated June 23, 2015 and recorded in the Hancock County Registry of Deeds in **Book 6428**, **Page 70**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated August 10, 2015 and recorded in the Hancock County Registry of Deeds in **Book 6489**, **Page 48**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of a Corrective Assignment of Mortgage dated April 9, 2018 and recorded in the Hancock County Registry of Deeds in **Book 6883**, **Page 741**. *See*

Exhibit F (a true and correct copy of the Corrective Assignment of Mortgage is attached hereto and incorporated herein).

14. On March 18, 2010, the Defendants, Suzanne M. McNeil and Michael McNeil, executed a Loan Modification Agreement which increased the principal amount of the Note to $91,748.03 (herein after referred to as the "2010 Loan Modification"). *See* Exhibit G (a true and correct copy of the 2010 Loan Modification is attached hereto and incorporated herein).

15. On July 20, 2012, the Defendants, Suzanne M. McNeil and Michael McNeil, executed a second Loan Modification Agreement which increased the principal amount of the Note to $93,232.48 (herein after referred to as the "2012 Loan Modification"). *See* Exhibit H (a true and correct copy of the 2012 Loan Modification is attached hereto and incorporated herein).

16. On May 18, 2018, the Defendants, Suzanne M. McNeil and Michael McNeil, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendants, Suzanne M. McNeil and Michael McNeil, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

18. The Defendants, Suzanne M. McNeil and Michael McNeil, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

21. The total debt owed under the Note and Mortgage as of November 15, 2018 is One Hundred Twenty-Seven Thousand Seven Hundred Thirty-Six and 07/100 ($127,736.07) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $91,740.79 |
| Interest | $20,609.40 |
| Escrow/Impound Required | $13,500.39 |
| Late Fees | $113.15 |
| Total Advances | $1,775.00 |
| Funds to be Credited | ($2.66) |
| Grand Total | $127,736.07 |

22. Upon information and belief, the Defendants, Suzanne M. McNeil and Michael McNeil, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure respecting a real estate related Mortgage and title located at 451 Punkinville Road, Sullivan, County of Hancock, and State of Maine. *See* Exhibit A.

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205,

128 Me. 280 (1929).  As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master

Participation Trust, has the right to foreclosure upon the subject property.

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the

current owner and investor of the aforesaid Mortgage and Note.

27. The Defendants, Suzanne M. McNeil and Michael McNeil, are presently in default on said

Mortgage and Note, having failed to make the monthly payment due June 1, 2014, and all

subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage

and Note.

28. The total debt owed under the Note and Mortgage as of November 15, 2018 is One

Hundred Twenty-Seven Thousand Seven Hundred Thirty-Six and 07/100 ($127,736.07)

Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $91,740.79 |
| Interest | $20,609.40 |
| Escrow/Impound Required | $13,500.39 |
| Late Fees | $113.15 |
| Total Advances | $1,775.00 |
| Funds to be Credited | ($2.66) |
| Grand Total | $127,736.07 |

29. The record established through the Hancock County Registry of Deeds indicates that there

are no public utility easements recorded subsequent to the Mortgage and prior to the

commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a

foreclosure on said real estate.

31. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Suzanne M. McNeil and Michael McNeil, on May 18, 2018, evidenced by the Certificate of Mailing. *See* Exhibit I.

32. The Defendants, Suzanne M. McNeil and Michael McNeil, are not in the Military as evidenced by the attached Exhibit J.

## COUNT II – BREACH OF NOTE

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. On May 28, 2004, the Defendants, Suzanne M. McNeil and Michael McNeil, executed and delivered to Chase Manhattan Bank USA, N.A. a certain Note in the amount of $85,000.00. *See* Exhibit B.

35. The Defendants, Suzanne M. McNeil and Michael McNeil, are in default for failure to properly tender the June 1, 2014 payment and all subsequent payments. *See* Exhibit I.

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Suzanne M. McNeil and Michael McNeil.

37. The Defendants, Suzanne M. McNeil and Michael McNeil, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

38. The Defendants Suzanne M. McNeil and Michael McNeil's breach is knowing, willful, and continuing.

39. The Defendants Suzanne M. McNeil and Michael McNeil's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

40. The total debt owed under the Note and Mortgage as of November 15, 2018, if no
payments are made, is One Hundred Twenty-Seven Thousand Seven Hundred Thirty-Six
and 07/100 ($127,736.07) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $91,740.79 |
| Interest | $20,609.40 |
| Escrow/Impound Required | $13,500.39 |
| Late Fees | $113.15 |
| Total Advances | $1,775.00 |
| Funds to be Credited | ($2.66) |
| Grand Total | $127,736.07 |

41. Injustice can only be avoided by awarding damages for the total amount owed under the
Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats
and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. By executing, under seal, and delivering the Note, the Defendants, Suzanne M. McNeil and
Michael McNeil, entered into a written contract with Chase Manhattan Bank USA, N.A. who
agreed to loan the amount of $85,000.00 to the Defendants. *See* Exhibit B.

44. As part of this contract and transaction, the Defendants, Suzanne M. McNeil and Michael
McNeil, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the
proper holder of the Note and successor-in-interest to Chase Manhattan Bank USA, N.A.,
and has performed its obligations under the Note and Mortgage.

46. The Defendants, Suzanne M. McNeil and Michael McNeil, breached the terms of the Note
    and Mortgage by failing to properly tender the June 1, 2014 payment and all subsequent
    payments.  *See* Exhibit I.

47. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the
    proper holder of the Note, and is entitled to enforce the terms and conditions of the Note
    due to its breach by the Defendants, Suzanne M. McNeil and Michael McNeil.

48. The Defendants, Suzanne M. McNeil and Michael McNeil, having failed to comply with the
    terms of the Note and Mortgage, are in breach of contract.

49. The Defendants, Suzanne M. McNeil and Michael McNeil, are indebted to U.S. Bank Trust,
    N.A., as Trustee for LSF9 Master Participation Trust in the sum of One Hundred Twenty-
    Seven Thousand Seven Hundred Thirty-Six and 07/100 ($127,736.07) Dollars, for money
    lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
    to the Defendants.

50. Defendants, Suzanne M. McNeil and Michael McNeil's breach is knowing, willful, and
    continuing.

51. Defendants, Suzanne M. McNeil and Michael McNeil's breach has caused Plaintiff, U.S.
    Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages,
    including, but not limited to money lent, interest, expectancy damages, as well as attorney's
    fees and costs.

52. The total debt owed under the Note and Mortgage as of November 15, 2018, if no
    payments are made, is One Hundred Twenty-Seven Thousand Seven Hundred Thirty-Six
    and 07/100 ($127,736.07) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $91,740.79 |
| Interest | $20,609.40 |
| Escrow/Impound Required | $13,500.39 |
| Late Fees | $113.15 |
| Total Advances | $1,775.00 |
| Funds to be Credited | ($2.66) |
| Grand Total | $127,736.07 |

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

54. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. Chase Manhattan Bank USA, N.A., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendants, Suzanne M. McNeil and Michael McNeil, $85,000.00.  *See* Exhibit B.

56. The Defendants, Suzanne M. McNeil and Michael McNeil, are in default for failure to properly tender the June 1, 2014 payment and all subsequent payments.  *See* Exhibit I.

57. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, Suzanne M. McNeil and Michael McNeil, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

58. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit.*

## COUNT V –UNJUST ENRICHMENT

59. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. Chase Manhattan Bank USA, N.A., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendants, Suzanne M. McNeil and Michael McNeil, $85,000.00.  *See* Exhibit B.

61. The Defendants, Suzanne M. McNeil and Michael McNeil, have failed to repay the loan obligation.

62. As a result, the Defendants, Suzanne M. McNeil and Michael McNeil, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Chase Manhattan Bank USA, N.A. by having received the aforesaid benefits and money and not repaying said benefits and money.

63. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a)   Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b)   Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c)   Find that the Defendants, Suzanne M. McNeil and Michael McNeil, are in breach of the Note by failing to make payment due as of June 1, 2014, and all subsequent payments;

d)   Find that the Defendants, Suzanne M. McNeil and Michael McNeil, are in breach of the Mortgage by failing to make payment due as of June 1, 2014, and all subsequent payments;

e) Find that the Defendants, Suzanne M. McNeil and Michael McNeil, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Suzanne M. McNeil and Michael McNeil, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due June 1, 2014 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Suzanne M. McNeil and Michael McNeil have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendants, Suzanne M. McNeil and Michael McNeil, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendants, Suzanne M. McNeil and Michael McNeil, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Suzanne M. McNeil and Michael McNeil, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Suzanne M. McNeil and Michael McNeil, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, Suzanne M. McNeil and Michael McNeil;

o)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p)  Additionally, issue a money judgment against the Defendants, Suzanne M. McNeil and Michael McNeil, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of One Hundred Twenty-Seven Thousand Seven Hundred Thirty-Six and 07/100 ($127,736.07 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q)  For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9
Master Participation Trust,
By its attorneys,

Dated:  December 3, 2018

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670