UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| US BANK TRUST, N.A., as Trustee For LSF9 Master Participation Trust, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 1:18-cv-00491-DBH ) |
| SUZANNE M. MCNEIL, et al., | ) ) |
| Defendants | ) ) |

**ORDER ON DEFENDANTS'
MOTION TO SET ASIDE DEFAULT**

Defendants ask the Court to set aside the default entered by the Court on Plaintiff's foreclosure complaint. (Motion, ECF No. 8.) On Plaintiff's request, on February 21, 2019, the Court entered a default based on Defendants' failure to file a response to the complaint. (Order, ECF No. 7.)

Following a review of the record and after consideration of Defendants' argument, the Court sets aside the default.

### DISCUSSION

In their motion, Defendants assert they mistakenly believed the matter was pending in state court and, therefore, filed a response in state court, using the state court form for a defendant's response to a foreclosure complaint. (Motion, ECF No. 8.) Plaintiff did not file a response to Defendants' motion.

Pursuant to District of Maine Local Rule 7(b), a party is expected to file an objection to a motion if the party contests the motion, and unless the party files an objection, the party is "deemed to have waived objection." Because Plaintiff did not file a response to the motion, Plaintiff has waived objection to the motion. The default, therefore, could be set aside based on the lack of objection.

Defendants have also demonstrated cause to set aside the default. Federal Rule of Civil Procedure 55(a) provides in pertinent part that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(a).

To determine whether good cause exists, the Court considers:

> (1) whether the default was willful; (2) whether setting [the default] aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion [to set aside entry of default]

*KPS & Associates, Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003) (quoting *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 503 (1st Cir. 1996). The factors militate in favor of setting aside the default in this case.

The uncontroverted record establishes that Defendants' failure to file a response in this Court was not willful. Rather, Defendants attempted to respond to the complaint, and have otherwise demonstrated a desire to participate in the matter. In other words, Defendants have not disregarded the legal process. Furthermore, given that the matter is in its initial stages, the prejudice, if any, that Plaintiff would experience if the Court were to set aside the default would be minimal. In short, Defendants have established good cause to set aside the default.

## CONCLUSION

Based on the foregoing analysis, the Court grants Defendants' motion to set aside the default. (Motion, ECF No. 8.)  The order of default (ECF No. 7) is vacated.  Defendants shall file their response to Plaintiff's complaint on or before April 30, 2019.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

                                        /s/ John C. Nivison
                                        U.S. Magistrate Judge

Dated this 16th day of April, 2019.